## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLANNED PARENTHOOD OF **)** | |
| GREATER NEW YORK *et al.* **)** | |
| **)** | |
| Plaintiffs, **)** | |
| v.                                **)** | Civil Action No. 25-cv-2453 |
| **)** | |
| U.S. DEPARTMENT OF HEALTH AND **)** | |
| HUMAN SERVICES *et al.* **)** | |
| **)** | |
| Defendants. **)** | |
| **)** | |

### PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION

Plaintiffs Planned Parenthood of Greater New York (PPGNY) and Planned Parenthood California Central Coast (PPCCC) respectfully move the Court to clarify its oral order issued at the hearing on the TRO Plaintiffs' Emergency Motion for Temporary Restraining Order on July 31, 2025.

The Court denied Plaintiffs' TRO on the basis of its finding that there is no imminent irreparable harm. Specifically, as Plaintiffs understand the Court's ruling, the Court determined that there is no irreparable harm because Plaintiffs currently have the option to draw down funds unless and until the Policy Notice is enforced against them.[1] Plaintiffs understanding is further that the Court's ruling was premised on the Government's suggestion in its opposition papers that it is not independently unlawful to draw down funds with a certification "under protest" as they did when "fil[ing] their continuing grant applications." Defs.' Opp'n Mot. Temporary Restraining Order at 2, ECF No. 14.

---

[1] Because Plaintiffs have not yet been able to obtain the transcript of the temporary restraining order proceedings, they have done their best to characterize their best understanding of the Court's order here.

1

Plaintiffs asked Defendants for their position on this motion, or alternatively if they would agree to a joint stipulation in lieu of this motion "agreeing that it is not unlawful to draw down funds with a certification under protest as plaintiffs did when filing the continuing grant applications, and that doing so cannot form the basis for clawback or other retroactive liability by virtue of having accessed funds." Defendants stated that they would not agree to enter the stipulation and asked that we note their position is as follows in this motion: "Plaintiffs' motion to clarify is improper. The Court's order afforded Plaintiffs no relief, and so there is nothing for the Court to clarify about its order. To the extent Plaintiffs are asking for an order seeking either an injunction or declaratory relief against Defendants, Defendants construe this motion for clarification as a motion for reconsideration, and request that the Court deny the motion for the same reasons it stated on the record yesterday."

Plaintiffs respectfully request clarification that this a correct understanding of the Court's ruling, as it would allow Plaintiffs to draw down funds without exposing themselves to risk of clawback or liability.

Dated: August 1, 2025

Respectfully submitted,

By:    /s/ Andrew T. Tutt
Drew A. Harker (DC Bar # 412527)
Andrew T. Tutt (DC Bar # 1026916)
Bonnie Devany (*pro hac vice* pending)[*]
Daniel Yablon (DC Bar # 90022490)
John V. Hoover (DC Bar # 90006181)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
drew.harker@arnoldporter.com

---

[*] *Admitted only in Texas; practicing in D.C. pursuant to D.C. Ct. of Appeals R. 49(c)(8), under supervision of D.C. Bar Members.*

andrew.tutt@arnoldporter.com
bonnie.devany@arnoldporter.com
daniel.yablon@arnoldporter.com
jack.hoover@arnoldporter.com

Emily Nestler (DC Bar # 973886)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
1100 Vermont Avenue NW
Washington, DC 20005
(202) 973-4800
emily.nestler@ppfa.org

Valentina De Fex (*pro hac vice* pending)
Melissa Shube (DC Bar # 241034)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
123 William Street, 9th Floor
New York, NY 10038
Phone: (212) 261-4696
valentina.defex@ppfa.org
melissa.shube@ppfa.org