**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF | **)** | |
| GREATER NEW YORK *et al.* | **)** | |
| | **)** | |
| Plaintiffs, | **)** | |
| v. | **)** | Civil Action No. 25-cv-2453 |
| | **)** | |
| U.S. DEPARTMENT OF HEALTH AND | **)** | |
| HUMAN SERVICES *et al.* | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
**PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiffs Planned Parenthood California Central Coast and Planned Parenthood of the Heartland seek recovery of fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for time reasonably expended in this matter.[1] As evidenced by the Court's October 7, 2025 order and opinion, ECF Nos. 31, 32, granting Plaintiffs' motion for summary judgment, Plaintiffs are prevailing parties who are entitled to compensation for work done in this case to successfully challenge the U.S. Department of Health and Human Services' Teen Pregnancy Prevention Program July Policy Notice ("July Policy Notice"). Plaintiffs therefore respectfully request that the Court award them reasonable fees and expenses pursuant to the Equal Access to Justice Act, in addition to any time spent in preparation of this motion, as well as any later supplement and reply.

Plaintiffs file this skeletal motion pursuant to the Court's January 1, 2026 minute order granting Plaintiffs' Unopposed Motion to Permit Skeletal Filing. *See* ECF No. 34; Min. Order

---

[1] Plaintiff Planned Parenthood of Greater New York is not seeking attorney fees pursuant to 28 U.S.C. § 2412(d) as it maintained over 500 employees at the time this litigation was filed.

1

(Jan. 1, 2026). The parties are engaged in settlement discussions with respect to fees and expenses in this case. Plaintiffs will supplement this motion if the parties are unable to reach a settlement, or Plaintiffs will withdraw this motion if a settlement is reached.

## I.    Plaintiffs Are Entitled To An Award Under the EAJA

Plaintiffs Planned Parenthood California Central Coast (PPCCC) and Planned Parenthood of the Heartland (PPH) are entitled to fees and expenses under the EAJA as they are eligible, prevailing parties in litigation against the United States. *See* 28 U.S.C. § 2412(d)(1)(A), (2)(B).

To be considered a prevailing party, a plaintiff must show that the plaintiff achieved a "material alteration of the legal relationship of the parties" and that the alteration was "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604-05 (2001). Plaintiffs prevailed in this litigation and are therefore prevailing parties under the EAJA. *See* ECF Nos. 31, 32. Plaintiffs succeeded on the merits of their litigation and obtained the relief sought in bringing their suit. Specifically, the Court granted Count IV of Plaintiffs' motion for summary judgment,[2] vacating the July Policy Notice and enjoining Defendants from its application.[3] Order, ECF No. 31. There is no doubt that Plaintiffs are prevailing parties. *Cf. Bennett v. Castro*, 74 F. Supp. 3d 382, 391-92 (D.D.C. 2014) (granting attorneys' fees to plaintiffs as prevailing parties where the court found an agency's regulation to be invalid, and as a result, the agency regulation could not be applied to plaintiffs).

---

[2] The Court did not consider any of Plaintiffs' additional claims because "[n]one of plaintiffs' other claims would entitle plaintiffs to any additional requested relief." Mem. Op. at 64, ECF No. 32.
[3] The Court also denied Defendants' motion to transfer the case, which Plaintiffs opposed, Min. Order (Aug. 13, 2025), and Defendants' cross-motion to dismiss Plaintiffs' Complaint, Order, ECF No. 31.

PPCCC and PPH are eligible parties under the EAJA because both are 501(c)(3) organizations that had fewer than 500 employees at the time this litigation was filed. 28 U.S.C. § 2412(d)(2)(B).

## II.    Defendants' Litigation Position Was Not Substantially Justified

Because PPCCC and PPH have established that they are eligible prevailing parties, they are entitled to fees and expenses under the EAJA unless the Court finds that "the Government's position was 'substantially justified' or 'special circumstances make an award unjust.'" *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 594 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2412(d)(1)(A)). Defendants bear the burden of establishing such circumstances, *id.* at 595, and cannot do so here.

To demonstrate that their position was "substantially justified," the Government must establish both that (1) the agency action giving rise to the litigation was substantially justified; and (2) that its litigation positions were also substantially justified. 28 U.S.C. § 2412(d)(2)(D). "Although the substantial justification inquiry differs from the merits determination, the court's merits reasoning may be quite relevant to the resolution of the substantial justification question." *F.J. Vollmer*, 102 F.3d at 594-95. Indeed, "[i]n some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified." *Id.*

Consistent with Defendants' administrative record and this Court's findings and rationale, Defendants' position was not substantially justified within the meaning of the EAJA. "In July 2025, HHS issued a Policy Notice imposing on grant recipients binding requirements to change their teen pregnancy prevention curricula, as a condition for their ongoing receipt of funds, but expressed these requirements in such vague generalities as to leave recipients like plaintiffs entirely in the dark as to how to implement or apply them in practice and in accordance with the

statute." Mem. Op., ECF No. 32, at 64. The Court concluded that the Policy Notice imposed new requirements that were arbitrary and capricious under the APA and therefore unlawful. *Id.* As the Court noted, "[t]he July Policy Notice reflects agency decision-making motivated solely by political concerns, devoid of any considered process or analysis, and ignorant of the statutory emphasis on evidence-based programming." *Id.* at 63-64. The Court determined that "[v]irtually every new requirement imposed by the July Policy Notice is fatally vague." *Id.* at 49. And the administrative record "reveals absolutely no analysis of medical science to support the directives contained in the July Policy Notice." *Id.* at 58 n.18. "From the administrative record, there was apparently *no* evidence before the agency to support the denials reflected in the Notice" and "no indicia of reasoned decision-making at all." *Id.* at 57-58. For these reasons, Defendants cannot demonstrate that their position prior to the litigation, and in the litigation itself, was "substantially justified."

Nor can Defendants demonstrate that there are "special circumstances" justifying the denial of an award in this case. *Cf. Taucher v. Rainer*, 237 F. Supp. 2d 7, 15 (D.D.C. 2002) (recognizing that under the EAJA, "special circumstances . . . have been held to be quite rare and [this] exception is narrowly construed" (internal citations and quotations omitted)).

### III.    The Requested Award Is Reasonable Under The EAJA

Because the parties are engaged in settlement negotiations and the Court has permitted a skeletal filing for later supplement if necessary, Plaintiffs are providing a preliminary amount of fees incurred in this case, with the intent to supplement this motion with a detailed analysis and evidence of fees incurred in this case if necessary. Accordingly, Plaintiffs hereby make a preliminary request for an award to Plaintiffs' counsel in the amount of $114,372.29, and have included below a brief statement of the time expended and the rate at which fees are being

computed. Plaintiffs reserve the right to amend or supplement these amounts if the parties are unable to reach a settlement in this matter, including computing expenses for paralegal time and eligible litigation expenses.[4]

The EAJA sets a baseline for hourly rates for attorneys of $125 per hour but permits courts to adjust the hourly rate upward if, for example, "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). Courts routinely adjust the $125 hourly base-rate upward to account for inflation, and the current hourly EAJA inflation-adjusted base rate is $251.84.[5]

Not including the preparation of this motion, Plaintiffs' attorneys have worked a total of 681.22 hours on this case. Plaintiffs deducted one-third of their attorneys' fees from their request to account for Planned Parenthood of Greater New York, which is not eligible to recover fees under the EAJA because it employed more than 500 employees at the time this lawsuit was initiated.[6] Plaintiffs do not concede that a one-third reduction is required under these circumstances and have proposed this approach for ease of the court, while reserving the right to adjust based on further analysis as appropriate. If settlement is not achieved, Plaintiffs will submit detailed time records demonstrating that the amount of time expended on this case was reasonable. Moreover, Plaintiffs' attorneys' hours are reasonable given the tasks that were required, the issues in this case, and the victory that was achieved as a result.

---

[4] Work done by paralegals is also recoverable under the EAJA at the prevailing market rate. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 577-78 (2008).
[5] *See* Ninth Circuit Court of Appeals, *Statutory Maximum Rates Under the Equal Access to Justice Act*, http://bit.ly/2J5wAzI.
[6] 681.22 hours × $251.84/hour = $171,558.44 – ($171,558.44 / 3) = $114,372.29.

## Conclusion

For the reasons set forth in this motion, and those detailed in any supplement to it, this Court should award Plaintiffs' attorneys' fees and expenses in the amount requested for work done on the case to date, plus compensation for any time spent preparing a supplement to this motion or a reply brief if this motion is ultimately litigated and opposed by Defendants.

A proposed order is enclosed.


Dated: January 5, 2026                                    Respectfully submitted,

                                         By:    /s/ Andrew T. Tutt
                                                Drew A. Harker (DC Bar # 412527)
                                                Andrew T. Tutt (DC Bar # 1026916)
                                                Bonnie Devany (*pro hac vice*)[*]
                                                Daniel Yablon (DC Bar # 90022490)
                                                John V. Hoover (DC Bar # 90006181)
                                                ARNOLD & PORTER KAYE SCHOLER LLP
                                                601 Massachusetts Avenue, NW
                                                Washington, DC 20001
                                                (202) 942-5000
                                                drew.harker@arnoldporter.com
                                                andrew.tutt@arnoldporter.com
                                                bonnie.devany@arnoldporter.com
                                                daniel.yablon@arnoldporter.com
                                                jack.hoover@arnoldporter.com

                                                Emily Nestler (DC Bar # 973886)
                                                PLANNED PARENTHOOD FEDERATION OF
                                                AMERICA
                                                1100 Vermont Avenue NW
                                                Washington, DC 20005
                                                (202) 973-4800
                                                emily.nestler@ppfa.org

                                                Valentina De Fex (*pro hac vice*)
                                                Melissa Shube (DC Bar # 241034)

---

[*] *Admitted only in Texas; practicing in D.C. pursuant to D.C. Ct. of Appeals R. 49(c)(8), under supervision of D.C. Bar Members.*

PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, 9th Floor
New York, NY 10038
Phone: (212) 261-4696
valentina.defex@ppfa.org
melissa.shube@ppfa.org

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK *et al.* | **)** **)** **)** | |
| Plaintiffs, | **)** | |
| v. | **)** | Civil Action No. 25-cv-2453 |
| | **)** | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.* | **)** **)** | |
| | **)** | |
| Defendants. | **)** **)** | |

**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Upon consideration of Plaintiffs Planned Parenthood California Central Coast's and Planned Parenthood of the Heartland's (collectively Plaintiffs) Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, and the entire record herein, it is hereby ORDERED that the motion is GRANTED. It is further:

1.     **ORDERED** that the Plaintiffs' motion is GRANTED; and it is further

2.     **ORDERED** that Defendants shall pay the Plaintiffs $114,372.29 for their reasonable attorneys' fees and expenses incurred as a result of this litigation within 60 days from this order.

**SO ORDERED**